# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 96-40972
Summary Calendar

United States of America,

Plaintiff-Appellant,

versus

Jose Pedro Gonzales,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

(C-93-CR-204-1)

July 9, 1997

Before POLITZ, Chief Judge, DUHE' and STEWART, Circuit Judges.

PER CURIAM:[*]

The United States of America appeals the sentence Jose Pedro Gonzales

received for perjury, arguing that the district court erred by failing to utilize United

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States Sentencing Guidelines section 2J1.3(c)(1) when sentencing Gonzales. Section 2J1.3(c)(1) provides that if a defendant is convicted of "perjury...in respect to a criminal offense" he should be sentenced under section 2X3.1 if the resulting base offense level is greater than the base offense level for perjury. Section 2X3.1 mandates a base offense level of six levels lower than the base offense level for "the underlying offense."

Gonzales was indicted for conspiracy to posses with the intent to distribute and possession with the intent to distribute cocaine and marihuana and perjury. Gonzales pled guilty to perjury and the government dismissed the drug charges. When sentencing Gonzales, the district court concluded that Gonzales could not be sentenced under section 2X3.1 because he was not convicted of any underlying offense. However after the district court sentenced Gonzales, we held that a defendant need not be convicted of any underlying offense to be sentenced under section 2X3.1[1] We therefore vacate Gonzales's sentence and remand this case to the district court for sentencing consistent with this opinion.

VACATED AND REMANDED.

---

[1]*United States v. Martinez*, 106 F.3d 620 (5th Cir. 1997).